IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert E. Trombley,

 Plaintiff,

 v.               Case No.  1:04cv310

Kendle International Inc.,       District Judge Michael H. Watson

 Defendant.

**OPINION AND ORDER**

Before the Court is the April 18, 2005 Motion of Defendant, Kendle International Inc. (hereinafter "Defendant"), for Summary Judgment (Doc. 25).  Plaintiff Robert E. Trombley (hereinafter "Plaintiff") filed a Memorandum in Opposition on May 16, 2005 (Doc. 29).  Defendant filed a Reply on June 3, 2005 (Doc. 36).

For the reasons that follow, the Motion of Defendant for Summary Judgment is **GRANTED.**

**I.** **FACTS**

On September 7, 2003, Defendant, which performs clinical research in pharmaceuticals, (Gooslin Aff. ¶ 4) began advertising a position of "Project Business Manager." (*Id.,* ¶ 3)  The job duties included financial analysis and management of day-to-day operations of drug development projects.  (Doc. 29, Exh. 1)

Plaintiff applied for the position on or about September 10, 2003.  (Doc. 1, ¶ 9; Gooslin Aff. ¶ 19)  At the time he applied, Plaintiff was 56 years of age. (Doc. 1, ¶ 11)

Plaintiff had several years of experience in finance and accounting with a pharmaceutical company, (Doc. 29, Exh. 3), thus he believed he was well qualified for the position. (Doc. 1, ¶ 16) On October 27, 2003, Plaintiff began a series of interviews with Defendant, participating in a phone call with Corporate Recruiter Chris O'Malley. (Doc. 1, ¶ 10; O'Malley Aff., ¶¶ 1-2) Plaintiff subsequently had face-to-face interviews with Senior Financial Analyst Bev Gooslin and Vice President Tony Forcellini. (Doc. 1, ¶ 10; Gooslin Aff., ¶¶ 2, 21; Forcellini Aff., ¶¶ 1,3)

Ms. Gooslin made the recommendation not to hire Plaintiff, (Gooslin Aff., ¶¶ 41, 42), with which Mr. Forcellini concurred. (Forcellini Aff.,¶ 8)  Ms. Gooslin stated, that based on her interview, Plaintiff did not demonstrate the necessary team communication skills, (Gooslin Aff., ¶ 29), Plaintiff's recent unemployment and unsuccessful pawn shop venture concerned her, (*Id.*, ¶ 30), and Plaintiff displayed an arrogant demeanor toward her. (*Id.*, ¶ 27) Mr. Forcellini commented, that based on his conversation with Plaintiff, he had concerns about Plaintiff's ability to work as part of a project team, (Forcellini Aff., ¶ 6).

On November 12, 2003, Defendant sent a letter to Plaintiff thanking him for his interest and telling him that no job offer would be forthcoming.  (Doc. 29., 10)  After he received the letter, Plaintiff made a series of telephone calls to Defendant, attempting to ascertain why he was not offered the position. (Doc. 29, Exh. 12).  Defendant's managers explained that offers had been extended to other persons with less experience, based upon the interviews. (*Id.,* at 4)  Finding those explanations unavailing, Plaintiff commenced the case at bar.

II. <u>ANALYSIS</u>

    **A. Summary Judgment**

Summary judgment should be granted when the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed R. Civ. P. 56(c). While the moving party must demonstrate an absence of evidence to support the non-moving party's case, "the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 322 (1986). "[C]omplete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id. at 323*. Once the moving party has met its burden of production, the non-moving party may not rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986). Such evidence must be sufficient for a jury to reasonably find in favor of the non-moving party. *Id.* at 252.

    **B. Age Discrimination in Employment Act Claim**

The Age Discrimination in Employment Act (hereinafter "ADEA") provides: "It shall be unlawful for an employer . . . to fail or refuse to hire . . . any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 USC §623. To prevail in an action under the ADEA, a plaintiff must show his age had a

"determinative influence on the outcome" of the employment decision.  *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141 (2000), *quoting Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993).

An ADEA plaintiff may make a case based either on direct or circumstantial evidence. *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1081 (6th Cir., 1994). If the record contains no direct evidence of age discrimination, which is the case here, the Court turns to the appropriate test for a *prima facie* circumstantial case.

### 1. *Prima Facie* Case

The Sixth Circuit holds that an ADEA plaintiff relying upon circumstantial evidence in a failure to hire situation must establish a *prima facie* case of discrimination by showing:  (1) plaintiff was a member of the protected class, (2) plaintiff suffered an adverse employment action, (3) plaintiff was qualified for the position either lost or not gained, and (4) a person not of the protected class replaced, or was selected over, the plaintiff. *Id.* This proof "in effect creates a presumption that the employer unlawfully discriminated against the employee." *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981).  For the purposes of this summary judgment motion, the Court will assume, without deciding, that Plaintiff satisfies the *Manzer* test for a *prima facie case*.

### 2. Pretext

If Plaintiff establishes a *prima facie* case of age discrimination, the burden shifts to the Defendant to provide a "legitimate, non-discriminatory reason" for its decision. *McDonnell Douglas Corp. V. Green*, 411 U.S. 792, 802 (1973).  If the employer provides a legitimate nondiscriminatory reason, the burden shifts back to the plaintiff to

demonstrate that the offered reason is pretextual. *Id.* at 804.

Defendant, based on its interviews with Plaintiff, believed Plaintiff would not be a successful employee because of a lack of team communication skills, a questionable employment history, and an arrogant demeanor.  The Court holds these reasons, although subjective, to be legitimate and non-discriminatory. "[T]he mere fact that subjective criteria are involved in the reason articulated by an employer does not prevent [a court from] according it sufficient rebuttal weight to dispel the inference of discrimination raised by the *prima facie* case." *Daniels v. Bd. of Educ.*, 805 F.2d 203, 208 (6th Cir., 1986), *quoting Page v. Bolger*, 645 F.2d 227, 230 (4th Cir.) (*en banc*). Accordingly, to withstand summary judgment Plaintiff must produce sufficient evidence that a jury "may reasonably reject" the employer's explanation.  *Manzer,* 29 F.3d at 1083.

The Sixth Circuit's standard for examining pretext is clearly stated:

> If there is no material dispute that the employer made a "reasonably informed and considered decision" that demonstrates an "honest belief" in the proffered reason for the adverse employment action, the case should be dismissed since no reasonable juror could find that the employer's adverse employment action was pretextual.

*Braithwaite v. Timken Co.*, 258 F.3d 488, 494 (6th Cir. 2001). Ms. Gooslin and Mr. Forcellini, Defendant's managers involved in the hiring, agreed not to extend a job offer to Plaintiff based upon review of Plaintiff's resume and face-to-face interviews. Plaintiff has introduced no evidence to show that Defendant's managers did not show an "honest belief" in their reasons not to hire him. "Furthermore, it is inappropriate for the judiciary to substitute its judgment for that

of management." *Smith v. Leggett Wire Co.*, 220 F.3d 752, 763 (6th Cir. 2000); *See Krenik v. County of Le Sueur*, 47 F.3d 953, 960 (8th Cir. 1995) (holding that the court cannot sit as a "super-personnel department").

Upon review, Plaintiff cannot demonstrate that Defendant's reasons for dismissal are pretextual. Accordingly, Defendant's Motion for Summary Judgment on Plaintiff's ADEA claim is **GRANTED**.

### C. State Law Claim

"Under Ohio law, the elements and burden of proof in a state age-discrimination claim parallel the ADEA analysis." *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 357 (6th Cir. 1998). Accordingly, the inability of Plaintiff's ADEA claim to withstand summary judgment requires Plaintiff's claim pursuant to O.R.C. §4112.02 to fail. Thus, Defendant's motion for summary judgment with respect to Plaintiff's Ohio age-discrimination claim is **GRANTED**.

### D. State Public Policy Claim

The Sixth Circuit holds that "an Ohio common-law claim for violation of public policy must be based upon the termination of employment or an act of discipline." *Pucci v. BASF Corp.*, 55 Fed. Appx. 243, 247 (6th Cir., 2002). Since Plaintiff's public policy claim involves a failure to hire rather than a termination or employee discipline, it is not cognizable under Ohio law. Accordingly, Defendant's motion with respect to Plaintiff's public policy claim is **GRANTED**.

IV. <u>CONCLUSION</u>

In conclusion, the record in ths matter demonstrates that there is no genuine issue of material fact and Defendant is entitled to judgment as a matter of law on Plaintiff's Age Discrimination in Employment Act claim, state law claim, and state public policy claim.  Accordingly, Defendant's Motion for Summary Judgment (Doc. 25) is **GRANTED**.  This matter is hereby dismissed and removed from the docket of this court.

**IT IS SO ORDERED.**

**/s/Michael H. Watson**_____ \_\_
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

## IV. CONCLUSION

In conclusion, the record in ths matter demonstrates that there is no genuine issue of material fact and Defendant is entitled to judgment as a matter of law on Plaintiff's Age Discrimination in Employment Act claim, state law claim, and state public policy claim.  Accordingly, Defendant's Motion for Summary Judgment (Doc. 25) is **GRANTED**.  This matter is hereby dismissed and removed from the docket of this court.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT